UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ROBERT W. JOHNSON,**

      **Plaintiff,**

  v.

**MIKE DEWINE,** *et al.***,**

      **Defendants.**

Case No. 1:22-cv-587
**JUDGE DOUGLAS R. COLE**
Magistrate Judge Bowman

## OPINION AND ORDER

In an October 24, 2022, Report and Recommendation (R&R, Doc. 9), Magistrate Judge Bowman recommends that the Court dismiss Robert Johnson's Complaint (Doc. 1) with prejudice. For the reasons briefly discussed below, the Court agrees with the recommendation and **DISMISSES** the claim, but for slightly different reasons than stated in the R&R.

Johnson alleges, without elaboration, that Defendants engaged in employment discrimination against him. (Doc. 1, #3). In its entirety, the Complaint states that:

> Robert W. Johnson was discriminated against by Warren County Sheriff's Office and Keith W. Anderson for Employment and denied due process rights. Mike DeWine, Lori Barreras, J. Rita McNeil Danish, William Patmon III, Charlie Winburn, Madhu Singh, Angela Phelps-White and Lori Taylor denied Robert W. Johnson due process rights and merits for Warrant County Sheriff's office and Keith W. Anderson discriminations [sic] and due process rights for employment / employee applicants.

*(Id.)*. A Letter of Determination by the Ohio Civil Rights Commission, which Johnson attached to his Complaint, indicates that the Warren County Sheriff's Office has no record of contact with Johnson about employment. *(Id.* at #7).

Johnson simultaneously filed his Complaint, *(id.),* and moved to proceed in forma pauperis (Doc. 2) in the Eastern District of Michigan on September 2, 2022. Then, the Eastern District of Michigan granted Mr. Johnson's request to transfer the case to the Southern District of Ohio (Doc. 3). (*See* Order, Doc. 6). Because Johnson was proceeding pro se, this Court referred the matter to a Magistrate Judge under this Court's General Order Cin 22-02. On October 24, 2022, Magistrate Judge Bowman simultaneously granted Johnson's Motion to Proceed in forma pauperis (Doc. 8) and recommended that the Court dismiss Johnson's Complaint with prejudice (Doc. 9, #7).

The R&R included a notice informing both parties that failure to object to its conclusions within fourteen days may result in forfeiture of certain rights on appeal, including the right to review by this Court. (Doc. 9, #8). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("fail[ure] to file an objection to the magistrate judge's R & R ... [constitutes a] forfeiture"). Neither party objected to the R&R.

But the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the October 24, 2022, R&R.

2

Magistrate Bowman reviewed the merits of Johnson's Complaint under 28 U.S.C. §§ 1915, 1915A. (Doc. 9, #5). That statute "require[s] the court to dismiss any portion of the complaint that (1) fails to state a claim upon which relief can be granted, or (2) is frivolous." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). That requirement applies to both prisoner and non-prisoner plaintiffs who seek in forma pauperis status. *Wells v. DLJ Mortg. Capitol, Inc.*, No. 1:14–cv–767, 2014 WL 5587561, at *1 (S.D. Ohio Nov. 3, 2014) ("Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status[.]") (citing *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199 (2007)). Consistent with that charge, Magistrate Judge Bowman found that "the complaint provides no factual content or context from which the Court may reasonably infer that the Defendants violated Plaintiff's rights under federal law." (Doc. 9, #7). Therefore, it fails to state a claim on which relief may be granted and should be dismissed. (*Id.*). The Court sees no error, let alone clear error, in that conclusion.

Ultimately, though, the Court concludes that the case has an even more fundamental flaw. Specifically, after reviewing the Complaint, the Court concludes that Johnson lacks standing. That lack of standing means that the Court cannot consider the merits of Johnson's claim but rather must dismiss the case on jurisdictional grounds. Accordingly, as discussed below, the Court reaches the result that the Magistrate Judge recommends, but for a slightly different reason.

"Standing stems from the Constitution's mandate that federal courts may decide only 'Cases' or 'Controversies.'" *Vonderhaar v. Vill. of Evendale*, 906 F.3d 397, 400–01 (6th Cir. 2018) (citing U.S. Const. art. III, § 2, cl. 1). Consistent with that language, standing is designed to ensure that courts decide live disputes, rather than "issue advisory opinions or address statutes 'in the abstract.'" *L.W. by & through Williams v. Skrmetti*, 73 F.4th 408, 415 (6th Cir. 2023) (quoting *California v. Texas*, 141 S. Ct. 2104, 2115 (2021)).

Because Article III standing is a prerequisite to subject-matter jurisdiction, a court may evaluate the issue at any time, even sua sponte. *Duncan v. Liberty Mut. Ins. Co.*, 854 F. App'x 652, 663 (6th Cir. 2021), *cert. denied,* 142 S. Ct. 767 (2022), (citing *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007)). Standing requires that the plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, (2016) (citation omitted). Additionally, "[t]o establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339 (cleaned up).

Johnson lacks standing to pursue his claim for the same reason that Magistrate Judge Bowman found the Complaint failed to state a claim. He never alleged that he had any contact with Defendants and his Complaint included a Letter of Determination stating that he never had any contact with Defendants. (Doc. 1, #7).

4

With no factual allegations about Defendants' communication or other conduct, Johnson's injury is, at best, "conjectural or hypothetical." *Spokeo*, 578 U.S. at 339. And even if it were not conjectural, he does not allege anything that would make his injury fairly traceable to Defendants' conduct. After all, if Johnson does not allege Defendants did anything specific, how can he argue that they caused his unemployment (assuming that is his claimed injury)? In short, Johnson lacks standing under Article III because he has shown nothing even hinting at a traceable injury in fact.

Next, because Johnson is pursuing this matter in forma pauperis, the Court must certify whether an appeal of this decision would be in good faith. *Nolen v. FedEx TechConnect, Inc.*, 971 F. Supp. 2d 694, 707 (W.D. Tenn. 2013), *aff'd sub nom. Nolen v. FedEx Servs.*, No. 13-6245, 2014 WL 12887530 (6th Cir. May 28, 2014). That certification matters because "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "A frivolous appeal, one that lacks an arguable basis either in law or in fact, would not be taken in good faith." *Tallent v. Knight*, No. 22-5126, 2022 WL 18862074, at *2 (6th Cir. Sept. 7, 2022), *cert. denied*, 143 S. Ct. 793 (2023) (cleaned up). Applying this standard, other district courts within the Sixth Circuit have certified that appeals would be in bad faith in cases decided on standing, rather than merits. *See Davis v. Gould Elecs.*, No. 1:06cv0072, 2006 WL 1064193, at *2 (N.D. Ohio Apr. 21, 2006); *Shaw v. Clipper*, No. 1:19cv875, 2019 WL 3207857, at *2 (N.D. Ohio July 16, 2019).

5

Because Johnson's Complaint lacked all "factual content or context," (Doc. 9, #7), any appeal of this decision would not have "an arguable basis either in law or in fact." *Tallent*, 2022 WL 18862074, at *2. Therefore, the Court certifies that any appeal taken in forma pauperis would not be in good faith.

Accordingly, the Court accepts the Magistrate Judge's recommendation, albeit for different reasons, and **DISMISSES** Johnson's action **WITHOUT PREJUDICE**. The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thereby **DENYING** Johnson leave to appeal in forma pauperis. The Court **ORDERS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

SO ORDERED.

October 3, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**